Mr. Justice Clayton
delivered the opinion of the court.
This was a proceeding originally tried before two justices of the peace for an unlawful detainer. A verdict and judgment were rendered for the plaintiff, and on appeal to the circuit court, there was a similar result.
We will proceed to consider the several objections urged in argument to this judgment.
*446 First, it is insisted the trial before the justices was unconstitutional. The right of the legislature to establish such inferior courts as might be deemed necessary, has been more than once upheld by this court. See Thomas v. The State, 5 How. 20; Houston v. Royston, 7 How. 543. The same rule is applicable to this specially-created tribunal.
The next objection is to the reading of the deed from the bank to Henderson and Fyler. No specific objection was made to the deed in the court below, and no defect pointed out. It is now said, it should be excluded, because a copy from the probate court office was read without accounting for the absence of the original. This court has laid down the rule in very strong terms, that unless the objection to testimony be specific in the court below, it shall not, with very few exceptions, prevail in this court. Doe v. Natchez Ins. Co. 8 S. & M. 205. Many defects might be at once removed, if they were pointed out at the trial, and the party will be considered to have waived -all such if he does not make them known. It is farther said, that as the title to the property was not in dispute, in this proceeding, the deed should, for that reason, have been excluded. One of the issues submitted was, whether the plaintiff had the right of possession. The deed was proper to enable the jury to determine that right. Again, it is said, the deed was to Fyler and Henderson jointly, and could at most be evidence in a joint proceeding by them. The deed made them as trustees joint tenants of the property. The possession of one was the possession of both, in contemplation of law. Adams on Eject. 100; James and wife v. Rowan, 6 S. & M. 402. Hence a recovery in this form of action by one, would enure to the benefit of both, and the pendency of the judgment might be pleaded to a proceeding by the other for the same cause. The deed is not the foundation of the action, but is mere evidence of the right of possession, title not being involved in the controversy.
The charge of the court was, in our view, free from error. If Rabe, when informed of the conveyance to Fyler, that Fyler was his landlord, and that he was to pay the rent to him, made no objection, the jury was authorized to infer that he thence be *447 came the tenant of Fyler, as he had previously been of the bank, 'which conveyed to Fyler.
In regard to the objection, that no demand of possession was made before suit brought, none was necessary. A disclaimer is equivalent to a demand and refusal. The suit was a demand; if Rabe had offered to deliver up possession when the writ was served, or when the plea was filed, he might have been entitled to his costs, if no previous demand was made. The plea was a denial of the plaintiff’s right, and amounted to a refusal; and after litigating the matter, he cannot now object the want of demand.
As to the statute of limitations of three years, it is not shown when the possession became adverse. Rabe was clearly the tenant of the bank; when informed of the transfer of the property to Fyler, and that he must pay rent to him as his landlord, he did not object. The possession at that time was not adverse. It was incumbent on him to show when, if ever, the holding assumed an adversary character, the statute would only commence running from that period. Having failed to do this, the finding of the jury was correct, and the judgment is affirmed.